# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-97-RJC

ANTHONY WILLIAMS,

        Plaintiff,

v.

FNU BRIGGS et al.,

        Defendants.

**ORDER**

**THIS MATTER** comes before the Court on a motion to dismiss by Defendants Charlotte-Mecklenburg Police Department ("CMPD") officers A.L. Briggs, Robert J. Wise, Kyle J. O'Dell, and J.E. Harless.[1] (Doc. No. 11).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 10, 2003, Plaintiff was convicted in Mecklenburg County Superior Court of trafficking in cocaine by possession and trafficking in cocaine by transportation, and he was sentenced to two, consecutive terms of imprisonment of 175 to 219 months. See State v. Williams, 177 N.C. App. 725, 630 S.E.2d 216 (2006). The North Carolina Court of Appeals subsequently vacated Plaintiff's conviction for trafficking in cocaine by transportation, but affirmed his conviction for trafficking in cocaine by possession. 177 N.C. App. at 726. Plaintiff subsequently filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, which this

---

[1] Defendants note that officer Chip R. Busker was also named as a Defendant in Plaintiff's Complaint, but he is no longer employed at the Charlotte-Mecklenburg Police Department, and he has not been served with summons.

Court dismissed.  See Williams v. Beck, Case No. 3:07cv422, 2009 WL 4114709, at *11 (W.D.N.C. Nov. 23, 2009).

The factual events giving rise to this lawsuit concern Plaintiff's 2002 arrest and his subsequent 2003 conviction.  In its opinion dismissing Plaintiff's § 2254 petition, this Court summarized the relevant facts as follows:

> Jeffery Falls assisted the police in an undercover narcotics operation on 9 September 2002.  Specifically, Falls[,] who had purchased cocaine from defendant in the past, sought to purchase two kilograms of cocaine from defendant at a specified location where the police would observe.  The operation was organized, in part, by Special Agent Rodney Blacknall of the Bureau of Alcohol Tobacco and Firearms and Sergeant Rev Busker of the Charlotte-Mecklenburg Police Department.  After telephone calls between Falls and the defendant, the two agreed to meet at a local YMCA.  Falls was not wired for the meeting with defendant.  Instead, to facilitate officers' monitoring of the events, Falls was instructed to leave his cell phone connection open when Blacknall telephoned him.
> Falls drove to the YMCA, followed by Blacknall.  Falls identified the defendant and his vehicle, a Cadillac Escalade.  Falls exited his vehicle as the cell phone connection between Blacknall and Falls remained open.  Falls first greeted the defendant on the stairs of the YMCA.  Then, as per defendant's request, both men were seated in defendant's Escalade.  After Falls told defendant that he needed to see the cocaine, the two men walked to the back of the vehicle.  Defendant opened the back hatch and displayed cocaine that was stored in a black leather bag.  Defendant gave two pornographic video tapes to Falls.  Falls then signaled Blacknall over the cell phone and law enforcement officers arrested the defendant, and the two kilograms of cocaine were seized from the Escalade.
> Shortly after the arrest, Blacknall and others executed a search warrant at two addresses associated with the defendant.  Police found the following: documents in defendant's alias, Johnny Manning; documents revealing that Charmaine Thorton leased the Escalade; tax returns in defendant's true name, Anthony Williams; a couple of safes; and video equipment and tapes which suggested that defendant was operating a pornography business out of his apartment across the street from the YMCA.
> Blacknall and Busker testified that they were unable to directly observe the transaction between Falls and defendant; Blacknall relied, instead, on the cell phone connection.  However, an SBI agent observed Falls and the defendant exit the Escalade, walk to the rear of the vehicle, and open and close the back hatch.
> Defendant was convicted of trafficking in cocaine by possession and trafficking in cocaine by transportation, and was sentenced to two consecutive prison terms of 175-219 months.

Id. at *1-*2 (quoting State v. Williams, 177 N.C. App. at 726-27).

In this § 1983 action, Plaintiff has named as Defendants the CMPD Officers involved in his 2002 arrest and 2003 conviction. Plaintiff alleges that Defendants conducted an illegal search and seizure of his property on or about September 10, 2002; made false written statements in police report affidavits on or about September 9, 2002; and made false verbal statements at Plaintiff's subsequent trial on or about September 9, 2003. Plaintiff purports to bring the following claims against Defendants: (1) "Search Seizure, Felonious Larceny" in violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights; (2) "False Written or Verbal Statements"; (3) "Negligent Infliction of Emotional Distress"; and (4) "Unfair or Deceptive Practices."

## II. STANDARD OF REVIEW

Defendants have filed their motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In their motion and supporting memorandum, Defendants contend that each of Plaintiff's claims is barred by the applicable statute of limitations. Because there is no explicit statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, courts look to the personal injury statute of limitations from the relevant state. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Wilson v. Garcia, 471 U.S. 261, 266-69 (1985)). In North Carolina, the statute of limitations for personal injuries is three years. See N.C. GEN. STAT. § 1-52(16). Under N.C. GEN. STAT. § 1-52(13), the statute of limitations for claims against public officers acting under color of office is also three years.

Although the statutory limitations period for Section 1983 actions is borrowed from state law, "[t]he time of accrual of a civil rights action is a question of federal law." Cox v. Stanton,

3

529 F.2d 47, 50 (4th Cir. 1975). "Federal law holds that the time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action." Id.; see Urie v. Thompson, 337 U.S. 163, 170 (1949) (noting that "statutes of limitations . . . conventionally require the assertion of claims within a specified period of time after notice of the invasion of legal rights"); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983) (noting that the statute of limitations "does not begin to run until the plaintiff discovers, or by the exercise of due diligence should have discovered, the facts forming the basis of his cause of action").

### III. DISCUSSION

The Court finds that Plaintiff's claims are barred by the applicable statutes of limitations and must be dismissed. Plaintiff's claim concerning alleged false statements made at the time of his arrest would have accrued on or about September 9, 2002. His claim addressing the legality of the search and seizure of his personal property would have accrued on or about September 10, 2002. At that time, Plaintiff would have discovered, or by the exercise of due diligence should have discovered, the facts forming the basis of his claims. The three-year statute of limitations for these claims expired on September 9 and September 10, 2005, more than six years before Plaintiff filed his Complaint in this action. Similarly, any claim regarding Defendants' alleged false statements at Plaintiff's trial would have accrued on or about September 9, 2003, and the statute of limitations would have expired on September 9, 2006.

Plaintiff's claims addressing the legality of the search and seizure of his property must be dismissed for an additional reason. Because Plaintiff is attempting to challenge the legality of his 2003 conviction for trafficking in cocaine by possession, his unlawful search and seizure claims are barred by the principles articulated in Heck v. Humphrey, 512 U.S. 477, 489 (1994), as Plaintiff has not shown that his conviction has been reversed or otherwise invalidated.

4

Finally, as for Plaintiff's state law claims, his claim for negligent infliction of emotional distress is also barred by the three-year statute of limitations.  See Dickens v. Puryear, 302 N.C. 437, 444, 276 S.E.2d 325, 330 (1981).  Similarly, assuming that Plaintiff stated a claim for unfair and deceptive trade practices under the North Carolina Unfair and Deceptive Trade Practices Act, this claim is also barred by the applicable four-year statute of limitations.  See N.C. GEN. STAT. § 75-16.2.

In sum, for the reasons stated herein, all of Plaintiff's claims must be dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss, (Doc. No. 11), is **GRANTED**, and this action is **DISMISSED** with prejudice.

Signed: May 30, 2012

Robert J. Conrad, Jr.
Chief United States District Judge