# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-97-RJC

ANTHONY WILLIAMS,

    Plaintiff,

v.

FNU BRIGGS et al.,

    Defendants.

**ORDER**

**THIS MATTER** comes before the Court on a Motion for Reconsideration by pro se Plaintiff Anthony Williams. (Doc. No. 28).

On February 10, 2012, Plaintiff filed the underlying lawsuit pursuant to 42 U.S.C. § 1983, in which he attempted to challenge the legality of a 2003 conviction for trafficking in cocaine by possession. Plaintiff named as Defendants the police officers involved in his 2002 arrest and 2003 conviction, and he purported to bring the following claims: (1) "Search Seizure, Felonious Larceny" in violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights; (2) "False Written or Verbal Statements"; (3) "Negligent Infliction of Emotional Distress"; and (4) "Unfair or Deceptive Practices."

In an Order dated May 31, 2012, this Court dismissed all of Plaintiff's claims as barred by the applicable statutes of limitations and/or the principles articulated in Heck v. Humphrey, 512 U.S. 477, 489 (1994).

On July 24, 2012, Plaintiff filed the pending motion for reconsideration, which is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the

Federal Rules of Civil Procedure. With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motion.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. No. 28), is **DENIED**.

Signed: August 6, 2012

_____
Robert J. Conrad, Jr.
Chief United States District Judge